IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ADAM R. SHORES**                                                                                          **PLAINTIFF**

v.                                                             CIVIL ACTION NO. 1:24-cv-00209-TBM-RPM

**CALVIN TAYLOR, et al.**                                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Adam R. Shores is a pretrial detainee currently housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. [1], pp. 2, 4. His claims arise under 42 U.S.C. § 1983, and he names Judge Calvin Taylor; Jackson County, Mississippi; and Angel McIlrath as Defendants. [1], pp. 2-3; [12], p. 1. Shores is proceeding *in forma pauperis*. [6], pp. 1-3. For the following reasons, the Court finds that Shores' claims against Judge Taylor and McIlrath must be dismissed with prejudice as frivolous. At this early stage in the litigation, his claims against Jackson County will proceed.

### I.   BACKGROUND

Shores claims that Defendants have "deprived [him of his] liberty and proper due process" under the Fifth and Fourteenth Amendments and Mississippi state law. [1], pp. 3-4. He insists that Article III, § 29 of the Mississippi Constitution guarantees "bail as a right except [for] those offenses punishable by death." [9], p. 2. Shores claims that Judge Taylor has violated this guarantee by denying him "a bond at [the] request of the State even though by law and right [he is] entitled to a reasonable bond." [1], p. 5. He claims that McIlrath, who is the District Attorney, also disregarded this guarantee by "request[ing] 'no bond' at [his] initial bond hearing . . . [despite his]

1

council [*sic*] not being present." [9], p. 2. He believes that McIlrath requested no bond "to prevent [him] from building a defence [*sic*]" and "as a way to plea bargain [*sic*] to get the conviction." [9], p. 3.

Shores also complains that his "mental health has declined" during his time at JCADC, requiring that his "medication dose [be] raised twice." [1], p. 5. Regardless, he avers that his "therapy has been stopped and [he has] minimum help for [his] mental health." [1], p. 5. Shores also complains that he has "been assaulted by other inmates twice" and that "both times [required] hospital treatment." [1], p. 5. He insists that JCADC is "understaffed and as [a] direct result corners are being cut" in the protection of the inmates. [9], p. 1. He believes that JCADC needs "more deput[ies]" and to "better utilize the deput[ies]" already employed. [9], p. 1.

Shores seeks monetary damages and immediate release from incarceration. [1], p. 5; [9], p. 1. His petition for writ of habeas corpus was heard in Civil Action No. 1:24-cv-00201-HSO-BWR (S.D. Miss. Oct. 11, 2024) (Docs. 8-9). Only his claims for monetary damages under § 1983 are pending here.

## II. DISCUSSION

Because Shores is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020).

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quotation omitted). In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

Having conducted the required screening, the Court finds that Shores' claims are not cognizable against Judge Taylor or McIlrath under § 1983, and his claims against them must be dismissed with prejudice as frivolous.

**A. Judge Taylor**

"As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity within the limits of his jurisdiction." *Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June 18, 2013). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11, 112

3

S.Ct. 286, 116 L.E.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 356-57, 98 S.Ct. 1099, 55 L.E.2d 331 (1978) (quotation omitted).

"The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature." *Lang*, 2013 WL 3095058, at *2 (citing *Ballard*, 413 F.3d at 515). Shores' allegations against Judge Taylor satisfy neither exception.

To determine whether Judge Taylor's act of denying Shores a bond could amount to a nonjudicial action, the Court considers these factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). All four factors weigh in favor of the application of judicial immunity. "The setting of bond is a normal judicial function." *Williams v. Jackson Cnty.*, No. 1:22-cv-00277-HSO-BWR, 2023 WL 378754, at *3 (S.D. Miss. Jan. 24, 2023). And Shores admits that his bond was denied at the State's request following a "bond hearing" in his underlying criminal case, [9], p. 2, which presumably occurred in Judge Taylor's courtroom. "There is no indication that [Shores'] appearance before Judge [Taylor] was anything outside a standard judicial process." *See Lang*, 2013 WL 3095058, at *2. The "nonjudicial action" exception to judicial immunity does not apply.

Nor does the absence-of-jurisdiction exception apply. Shores does not allege that Judge Taylor lacked jurisdiction to set his bond—only that he should have received a bond because he was not arrested for an offense punishable by death. [9], p. 2. In any event, a state trial court enjoys discretion to determine conditions of pretrial release. *Strickland v. Darby*, 135 So. 3d 234, 237 (Miss. Ct. App. 2014) (quotation and alterations omitted). Thus, Judge Taylor acted within his jurisdiction by denying Shores bond, and he is entitled to judicial immunity from suit because of these allegations. Shores' claims against Judge Taylor are frivolous and must be dismissed with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).

### B.  McIlrath

"Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd*, 31 F.3d at 285. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id*. "Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently." *Ramsey v. Smith*, No. 1:19-cv-00054-HSO-RHW, 2020 WL 4053728, at *3 (S.D. Miss. July 20, 2020). As relevant here, prosecutors are absolutely immune from claims regarding their "actions taken . . . during [a plaintiff's] bond hearing." *See Curtis v. Corbett*, No. A-15 CA-661-LY, 2015 WL 5839248, at *4 (W.D. Tex. Oct. 6, 2015).

Shores claims that McIlrath violated his constitutional rights by requesting "no bond" when she knew that he was entitled to one. [9], pp. 2-3. But McIlrath is immune for "all actions which occur in the course of [her] role as an advocate for the State." *See Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (quotation omitted). Shores does not allege any actions taken by McIlrath

that were outside the course and scope of her representing the District Attorney's Office in the criminal prosecution against him. His claims against McIlrath are also frivolous and must be dismissed with prejudice. *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995).

### III.   CONCLUSION

Having considered the entire record and applicable law, the Court dismisses Shores' claims against Defendants Judge Calvin Taylor and Angel McIlrath with prejudice as frivolous.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Adam Shores' claims against Judge Taylor and McIlrath are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Judge Calvin Taylor and Angel McIlrath are dismissed as Defendants, and the Clerk of Court shall terminate them as Defendants on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Shores' claims against Jackson County, Mississippi, will proceed at this time. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course, but the Court expresses no opinion about whether Plaintiff's remaining claims will or will not be determined to be meritorious.

**THIS, the 26th day of November, 2024.**

                                                  **TAYLOR B. McNEEL**
                                                  **UNITED STATES DISTRICT JUDGE**